NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-046-KKC

CRAIG ROBIN ROBERTS                                                PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

 UNITED STATES OF AMERICA                                          RESPONDENT

**** **** **** ****

This matter is before the Court upon the transfer of the instant case from the site of its original

filing, the United States District Court for the Northern District of Western Virginia.

HISTORY

On February 1, 2007, Craig Robin Roberts was incarcerated in the United States Penitentiary-Big

Sandy ("USP-Big Sandy"), a Federal Bureau of Prisons facility in Inez, Kentucky. On that date, he signed

the original pleading herein, titled "Motion for Order." The Motion is styled for the Federal Court in

Martinsburg, West Virginia, and captioned, *United States of America v. Craig Robin Roberts*, Case No.

3:00-CR-3, the proceeding in which he had been convicted of being a felon in possession of a firearm and

had been sentenced to 112 months imprisonment, in 2000.

Roberts mailed this Motion for Order to the court of his conviction, alleging that the Bureau of

Prisons ("BOP") would not allow "jail (Eastern Regional Jail) time credit to be applied to the Federal

sentence as was recommended at the time of sentencing," and asking for this Court to compel the BOP

to award him the credits to which he is entitled.

A year later, on February 8, 2008, the court in that criminal case determined that because Roberts

was challenging the computation of his federal sentence, the Motion was actually a Petition for Writ of

Habeas Corpus, pursuant to 28 U.S.C. § 2241. The court, therefore, issued an Order directing its Clerk

to open a Section 2241 habeas case on the Petitioner's behalf.  Petitioner's Motion for Order became the initiating pleading in *Roberts v. United States*, Civil Action No. 3:08-CR-43-JPB-JES.

After receipt of his copy of the West Virginia Court's Order, the Petitioner immediately paid the habeas filing fee and signed a Motion to Expedite Review of his Section 2241 Petition.  As grounds for the Motion, Roberts stated that he was "scheduled for transfer to a Community Corrections Center in 17 days.  Approximately two months thereafter, he will begin serving the time at issue in this petition."  In the cover letter accompanying the Motion, Petitioner informed the Clerk of that court that he would be at a halfway house in Clarksburg, West Virginia, by February 29th, and he gives the address of the Clarksburg facility.

In an Order dated March 11, 2008, the United States District Court for the Northern District of West Virginia decided that it lacked jurisdiction to entertain the Petitioner's claim under 28 U.S.C. § 2241.  It reasoned that the statute requires that the proper respondent be the petitioner's warden or other immediate custodian; Petitioner Roberts was in U.S.P.-Big Sandy, in the Eastern District of Kentucky, at the time the original pleading was filed; and the Bureau of Prisons website showed that he was still located there.  Therefore, that Court ordered its habeas case, No. 3:08-CV-43-JPB-JES, transferred to this Court.

The instant cause of action arrived in the Office of the Clerk of the Eastern District of Kentucky on March 14, 2008.  At that time, the District Court Judge to whom it had been assigned recused and the matter was referred to the undersigned.  The Clerk of this Court mailed the Petitioner's copy of the recusal Order to him at the address he had given for mail after February 19th, the halfway house in Clarksburg, West Virginia.

Even now, however, the saga of the Petitioner's location and of the corresponding proper situs for this case has continued.  Like the West Virginia Federal Court, this Court has also had to examined whether it has jurisdiction to entertain Roberts' Section 2241 proceeding.  If the Petitioner has remained at the USP-Big Sandy, the Court could clearly address the merits of his claims as this Court has jurisdiction over his

2

custodian there.  If he has been transferred to the West Virginia halfway house, as he said he anticipated, it would be appropriate to transfer the matter to the District Court which presides over Clarksburg.

However, upon this Court's inquiry, the BOP website now shows that Craig Robin Roberts has been transferred to what is apparently another halfway house, not the one in Clarksburg.  The website currently reports Petitioner's place of confinement to be "Baltimore COM," the address for which is CCM Annapolis Junction, Community Corrections Office, 10010 Junction Drive, Suite 100-N, Annapolis Junction, MD 20701.[1]  Therefore, it would not be beyond the pale for the Court to transfer this case, instead, to the United States District Court for the District of Maryland on the ground of its now having jurisdiction over Petitioner's custodian in Baltimore, Maryland.

Yet the Clerk of this Court's mailing to Roberts at the Clarksburg facility on March 14, 2008, has not been returned by postal authorities.  It is tempting to send the case to the Federal Court in West Virginia by recognizing that service by mail affords a presumption of delivery or receipt of the contents, as other courts have done with notices.  *See Dubovtsev v. Ashcroft*, 118 Fed.Appx. 7, 10, 2004 WL 2590564, 3 (6th Cir. 2004) (unpublished); *Arrieta v. INS,* 117 F.3d 429 (9th Cir.1997) (finding that notice sent by certified mail to last known address rendered service presumptively effective); *see e.g., Cook v. Providence Hospital*, 820 F.2d 176, 179 n. 3 (6th Cir.1987).  However, this Court chooses not do so.

Rather, the Court looks to what is *known*, not presumed, to date.  It appears, but the Court cannot say for sure, that the planned transfer of Petitioner took place.  Nor does the Court know whether Roberts now resides in a BOP halfway facility in West Virginia or in Maryland.  On the face of the current record, including envelopes which the Petitioner used to mail his pleadings to the Federal Court, Roberts was incarcerated in the Eastern District of Kentucky on February 6, 2007, the date on which he mailed his initial Motion for Order seeking sentence credits from the West Virginia trial court in the criminal proceedings; he was in the Eastern District of Kentucky on February 8, 2008, when that Motion was ordered to be used to

---

[1]  The website also reports that Petitioner's projected release date is August 30, 2008.

initiate a Section 2241 habeas proceeding; and he was still in this District on February 12, 2008, when the Petitioner mailed his Motion to Expedite Review of the newly created habeas proceeding.

Therefore, the Court finds that at least until very recently, it has clearly had jurisdiction over this case, as it has had jurisdiction over the Petitioner's custodian until very recently. *See* 28 U.S.C. § 2242.  It is not clear when Roberts was transferred or to what location, but the Court believes that it is not necessary to know his exact whereabouts to address the matter herein further.

A district court's jurisdiction generally is not defeated when a prisoner who has filed a Section 2241 petition while present in the district is involuntarily removed from the district while the case is pending. *Bishop v. Med. Superintendent of the Ionia State Hosp.,* 377 F.2d 467, 468 (6th Cir.1967); *United States ex rel. Snyder v. State of Illinois,* 442 F.Supp. 75, 76 n. 2 (N.D.Ill.1977).  Because Roberts filed his then Motion/ now Petition while he was incarcerated in this district, the Eastern District of Kentucky, this Court retains jurisdiction over his Petition following his transfer.  *See White v. Lamanna*, 42 Fed.Appx. 670, 671, 2002 WL 857739, *1 (6th Cir. 2002) (unpublished); Graika v. U.S., 2005 WL 1048695, 1 (E.D.Ky. 2005) (unpublished).

Keeping the Petition in this Court at this time is appropriate, not only based on the above-referenced law, but particularly in light of the fact that the Court is not sure in what federal district the Petitioner and his custodian may currently be found, thus thwarting an accurate transfer.  This Court's exercise of Section 2241 jurisdiction also makes practical sense because the instant proceeding is not ready for any court's consideration for the reasons to be discussed below, and a transfer at this time would burden another federal court with creating another case, only to have to dismiss it summarily.

SCREENING

Having found that it has jurisdiction over the instant petition, pursuant to 28 U.S.C. § 2241, this Court proceeds to screen the contents of Roberts' original Motion/now construed Petition. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As the Petitioner is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

In the case *sub judice*, Roberts seeks credit toward his federal sentence for time which he spent incarcerated prior to that sentencing. "This is a total of 113 days, from March 22, 2000, to July 13, 2000." He states that the BOP has refused him these credits and that he has exhausted the BOP's administrative appeals on this matter. Petitioner attaches to his initial pleading a copy of the Warden's August 4, 2006 response to the administrative remedy which he filed, Remedy No. 421128-F1. In the response, Warden Hastings insists that Roberts' sentence has been properly calculated; and she explains that the BOP cannot award him the prior custody credits because that time had already been credited to his state sentences, and he cannot receive credit for the time twice.

DISCUSSION

It is well settled in the federal courts that federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *See, e.g., Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th

5

Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-.19 (1998).  Section 542.13(a) demands that an inmate first informally present his complaint or request to a staff member, before filing a formal request for an administrative remedy.  If the inmate cannot informally resolve the matter, then he may file a formal written request (a BP-9 form) to the Warden.  *See* § 542.14(a).   This step has obviously been complied with, as Roberts attached the Warden's August 4,  2006, response to his original pleading.

If the BOP inmate is not satisfied with the Warden's response, he has two opportunities to have his issue addressed outside his prison.  He may appeal (a BP-10) to the BOP's Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel.  *See* § 542.15 (a) - (b).  The administrative procedures include established response times. § 542.18. With regard to the appeals to the Regional and National offices, the Regional Director has 30 days to respond; and General Counsel, 40 days.  Only one extension of time of 20-30 days, in writing, is permitted the agency.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  *Id*.

The Petitioner, however, provides no copies of the documents exchanged in the administrative remedy process, beyond the lowest level, *i.e.*, at Big Sandy.  Although he alleges that he exhausted all appeals, the only support for that contention is a copy of the response of the Warden – none from the Regional Director or General Counsel, the last two levels of appeal, so as to demonstrate exhaustion of the process.

Because the Petitioner has not demonstrated that he pursed this matter administratively to exhaustion, his Petition is not yet ready for the Court's review on the merits of his claim for prior custody credits.  It must

be remembered that exhaustion of administrative remedies should be implemented to prepare a record.  *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).  Additionally, as stated by the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988):

> The exhaustion requirement promotes:  (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Id.* at 205.

Petitioner Roberts has provided only a partial record of his demand for the prior custody credits. His exhibits show that he went to the level of the Big Sandy Warden, not the higher-up officials outside the prison, whose responses are necessary to demonstrate exhaustion.  Because  the instant Petitioner failed to demonstrate that he exhausted the BOP appeal process, a pre-condition to filing a Section 2241 Petition in federal courts, his instant lawsuit will be dismissed.  The dismissal will be without prejudice to Roberts' right to re-file a proper Petition, in the district of his current confinement, with a showing of exhaustion of the BOP's administrative remedy scheme.

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)    Craig Robin Roberts' Petition for Writ of Habeas Corpus is **DENIED**.

(2)    This matter will be **DISMISSED**, without prejudice, and a contemporaneous Judgment will be entered in favor of  the named Respondent.

Dated  this  26th  day  of March, 2008.



**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**